575 So.2d 750 (1991)
James GREEN, Appellant,
v.
Richard L. DUGGER and 13TH Judicial Circuit, Appellees.
No. 90-03059.
District Court of Appeal of Florida, Second District.
March 1, 1991.
*751 James Green, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellees.
PER CURIAM.
James Green appeals the summary denial of his motion for postconviction relief. We previously authorized belated appellate review pursuant to State ex rel. Shevin v. District Court of Appeal, Third District, 316 So.2d 50 (Fla. 1975), and now affirm the trial court's order in part and reverse in part.
Green entered a plea of guilty to armed robbery. In his motion he alleges that he did so with the understanding he would receive a sentence of seventeen years in prison. While this is the sentence that was imposed, the court also included a term of ten years probation to commence at the expiration of the prison sentence. Green complains that this was not part of the plea agreement and that he was not forewarned that the court could consider the option of consecutive probation. If this allegation is true Green might be entitled to relief. Orleman v. State, 527 So.2d 303 (Fla. 2d DCA 1988). In denying the motion, the trial court failed to attach sufficient documentation from the record to refute this particular claim.
After remand the trial court should re-examine the files and records in this case in an effort to determine whether anything therein conclusively refutes Green's claim that his plea agreement was violated by the addition of probation to his sentence. If such record evidence can be located, the court may again deny the motion, attaching the exhibits to its order. Otherwise an evidentiary hearing may be necessary to resolve this portion of Green's motion. Should the court determine that Green's allegations are factually correct, it should vacate the probationary portion of the split sentence or, if unwilling to do so, afford Green an opportunity to withdraw the plea.
Green also asserts that the sentence is "in excess of the maximum allowed by law." There is no merit to this contention, and the trial court properly denied relief on this ground. See Committee Note, Fla.R. Crim.P. 3.701(d)(12).
Affirmed in part, reversed in part, and remanded with instructions.
CAMPBELL, A.C.J., and LEHAN and THREADGILL, JJ., concur.