624 So.2d 336 (1993)
Steven Foye EGGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-93.
District Court of Appeal of Florida, First District.
September 10, 1993.
*337 Steven Foye Eggers, appellant, Pro Se.
No appearance for appellee.
JOANOS, Judge.
This appeal is taken from an order denying a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. As a basis for relief, appellant contends the trial court failed to honor the written plea agreement. We reverse and remand.
On June 1, 1992, pursuant to a plea of nolo contendere to one count of second-degree murder, appellant was adjudicated guilty and sentenced to serve fifteen years of incarceration, to be followed by fifteen years of probation. A direct appeal was not taken. On November 9, 1992, appellant filed the instant motion for post-conviction relief, alleging the plea agreement contained no provision for probation.[1] On December 18, 1992, the state attorney's office filed a response, attaching copies of the form plea agreement and a transcript of the plea and sentencing hearing. The state took the position that appellant's allegations were not supported by the sentencing transcript.
On December 21, 1992, the trial court issued the order under review, attaching copies of the plea agreement, the judgment and sentence forms, and the plea and sentencing transcript. The court's denial of post-conviction relief was based on findings that appellant's plea agreement called for a guideline sentence, appellant received a guideline sentence of fifteen years followed by fifteen years of probation, the plea and sentencing transcript does not reflect any discussion by appellant or his attorney of the amount of probation to follow the period of incarceration, and the sentence was not illegal.
As a preliminary matter, the defendant did not move the trial court to withdraw his plea. As a consequence, the claim presented by appellant could not be raised on direct appeal. Therefore, it is properly before us on the instant motion for post-conviction relief to vacate the sentence. See Murray v. State, 566 So.2d 30, 31 (Fla. 1st DCA 1990).
In determining the voluntariness of a plea, the trial judge is obligated to advise the defendant of the complete terms of any plea agreement, including any obligations the defendant will incur. Fla.R.Crim.P. 3.172(c)(7). Among other things, the trial court must apprise the defendant that the period of incarceration specified in the plea agreement will be followed by a period of probation, if such is the court's intent. Failure to do so *338 may require remand for resentencing within the terms of the plea agreement, or to afford the option of withdrawing the plea. Jefferson v. State, 515 So.2d 407 (Fla. 1st DCA 1987). See also Green v. Dugger, 575 So.2d 750 (Fla. 2d DCA 1991).
Both Jefferson and Green involve appeals from summary denials of rule 3.850 motions. In each case, the respective appellant challenged the imposition of probation in addition to the period of incarceration contemplated by a plea agreement. In Jefferson, the appellant pled no contest with the understanding that he would be sentenced within the guidelines range of three to seven years. At sentencing, the trial court imposed a seven-year sentence, followed by eight years of probation. The opinion indicates that the sentencing proceeding was the first time probation was mentioned to Jefferson, and there was no indication that probation was mentioned during the plea negotiations and the signing of the written plea form. Jefferson was never informed that an additional probationary period could be added to his negotiated term of incarceration, and was not given an opportunity to withdraw his plea when it became apparent the trial court intended to impose a total term of fifteen years of supervision. This court remanded, because Jefferson was not properly apprised of the significance and consequences of his plea. On remand, the trial court was instructed to sentence Jefferson to the agreed-upon sentence of three to seven years, or to allow him the option of withdrawing his plea. 515 So.2d at 408. A similar result obtained in Green.
In this case, as in Jefferson and Green, the incarcerative portion of appellant's sentence was within the terms of the plea agreement. Similarly, there was no reference to probation in either the written plea agreement or the plea transcript. Although we understand the trial court's view that appellant received the guideline sentence designated by the plea agreement, the terms of the agreement as delineated by appellant's counsel and confirmed by counsel for the state involved a sentence of twelve to seventeen years, within the recommended guideline range, with credit for jail time served. This agreement was for a term of years, and did not encompass a period of probation after the period of incarceration. In these circumstances, we conclude that this court's decision in Jefferson controls our resolution of this case.
Accordingly, this cause is reversed and remanded with instructions to resentence within the agreed-upon plea agreement, or to afford appellant the option of withdrawing his plea.
ERVIN and ALLEN, JJ., concur.
NOTES
[1] At the plea proceeding, appellant's counsel advised the trial court that appellant wished to "enter a plea of nolo contendere to the charge of second-degree murder with the understanding that the court would have a presentence investigation done and that Mr. Eggers would be sentenced within the recommended guideline range of twelve to seventeen years and that he would receive credit for all jail time, ..." The foregoing terms of the plea agreement were corroborated by the assistant state attorney.