SHIVERS, Senior Judge.
Jesse Frank Hoskins has appealed from a sentence imposed following his plea of nolo contendere to robbery with a deadly weapon. We affirm.
In September 1992, Hoskins tendered a plea of nolo contendere to robbery with a deadly weapon. The plea agreement provided for a maximum sentence of 12 years as an habitual offender, if Hoskins qualified for such classification; otherwise, sentencing would be pursuant to the guidelines. The written agreement made no provision for restitution or probation, and neither was mentioned at the plea hearing prior to the trial court’s acceptance of the plea.
At the subsequent sentencing hearing, the state presented evidence qualifying Hoskins as an habitual offender. The court adjudicated him guilty, and imposed a 12-year habitual offender sentence followed by 5 years of probation; the court also required restitution, the amount to be set at a later proceeding. Hoskins neither objected to the imposition of probation and restitution, nor did he move to withdraw his plea based thereon. However, he argues on appeal that, because the trial court failed to comply with the plea agreement, this court should remand either for resentencing or to permit withdrawal of his plea.
In Murray v. State, 566 So.2d 30 (Fla. 1st DCA 1990), the appellant sought to withdraw his plea, citing the trial court’s failure to comply with the terms of his plea agreement. Noting that Murray had not moved to withdraw his plea at sentencing, the court held that the issue was not cognizable on direct appeal. Murray, 566 So.2d at 31. See also, Eggers v. State, 624 So.2d 336 (Fla. 1st DCA 1993) (reversed denial of a motion for post-conviction relief raising the imposition of a probationary term not mentioned in the plea agreement); Rolison v. State, 618 So.2d 275 (Fla. 1st DCA 1993) (reversed imposition of restitution not mentioned in plea agreement, where trial court had previously denied motion to withdraw the plea raising the issue).
In this case, Hoskins neither objected nor moved to withdraw his plea based on the trial court’s imposition of probation and restitution outside of the plea agreement. We therefore affirm.
ERVIN and WEBSTER, JJ., concur.