647 So.2d 197 (1994)
Jeffrey R. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2694.
District Court of Appeal of Florida, First District.
July 19, 1994.
Jeffrey Brown, pro se.
No appearance for appellee.
PER CURIAM.
Appellant seeks review of an order which summarily denied his motion and amended motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. Fairly read, the motions together allege (1) that the split sentence imposed upon appellant is a departure sentence which violated the terms of the plea agreement, and for which no written reason was given; (2) that appellant's plea was involuntary because he believed that the plea agreement contemplated a split sentence which would fall within the guidelines; and (3) that appellant was denied effective assistance of counsel because his attorney led him to believe that the split sentence would fall within the guidelines, and never told him that probation is not subject to the guidelines. We affirm the summary denial as to the first ground asserted in the motions. However, we reverse as to the remaining two grounds, and remand for further proceedings.
The record reflects that appellant pled no contest to DUI manslaughter in return for a promise that he would receive a guidelines sentence. The guidelines scoresheet *198 reflects a recommended range of five years (three to seven years), and a permitted range of community control or one to twelve years' incarceration. Appellant was sentenced to four years in prison, to be followed by ten years' probation. Here, as in Durden v. State, 582 So.2d 1256, 1257 (Fla. 1st DCA 1991), "[b]ecause the incarcerative portion of appellant's sentence fell within the permitted range of the guidelines and the total sanction fell within the maximum term provided by general law, the sentence did not exceed the guidelines or go beyond the terms of the negotiated plea." Therefore, the trial court's ruling with regard to the first ground asserted was correct.
As his second ground, appellant asserts that his plea was involuntary because he believed, mistakenly, that the plea agreement contemplated a split sentence which would fall within the guidelines. Such an allegation has been found legally sufficient. See, e.g., Eggers v. State, 624 So.2d 336 (Fla. 1st DCA 1993); Green v. Dugger, 575 So.2d 750 (Fla. 2d DCA 1991); Jefferson v. State, 515 So.2d 407 (Fla. 1st DCA 1987). Accordingly, the trial court's ruling was incorrect with regard to the second ground asserted.
As his third ground, appellant asserts that he was denied effective assistance of counsel because his attorney led him to believe that the split sentence would fall within the guidelines, and did not tell him that probation is not subject to the guidelines. Rule 3.171(c)(2)(B), Florida Rules of Criminal Procedure, provides, in relevant part, that "[d]efense counsel shall advise [the] defendant of ... all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof... ." In other words, "defense counsel has the obligation to ensure that a defendant understands the direct consequences of his plea." Setzer v. State, 575 So.2d 747 (Fla. 5th DCA 1991). If appellant's allegations prove to be true, it would appear that his attorney failed to fulfill his obligation. Accordingly, the trial court's ruling was incorrect with regard to the third ground as well.
We affirm the summary denial of postconviction relief as to the first ground asserted in appellant's motions. However, we reverse the summary denial as to the remaining two grounds; and we remand to the trial court for further proceedings. On remand, the trial court may again summarily deny relief if it attaches to its order portions of the record conclusively establishing that appellant is not entitled to relief. Otherwise, it will be necessary to conduct an evidentiary hearing.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN and WEBSTER, JJ., concur.
BOOTH, J., concurs in part and dissents in part with written opinion.
BOOTH, Judge, concurring in part and dissenting in part:
I concur with the majority's determination that appellant's first ground was correctly ruled upon by the trial court. Specifically, appellant's sentence did not exceed the guidelines or go beyond the terms of the negotiated plea. Durden v. State, 582 So.2d 1256 (Fla. 1st DCA 1991). However, I respectfully dissent from the majority's holding on the second and third grounds.
The cases relied on by the majority to reverse and remand on the question of the voluntariness of appellant's plea are distinguishable from this case. The cited cases involve situations where the trial court's option to impose probation consecutive to incarceration was never discussed or made known to defendants at any time prior to sentencing. Such is not the situation here. Appellant was aware that the trial court had the option of imposing probation. Indeed, appellant's motion states that prior to entering the no contest plea, his attorney told him that he would "probably get about five years and that there may be some probation." (emphasis added). Thus, the trial court was correct in denying relief on appellant's second ground.
In addition, I find appellant's argument of ineffective assistance of counsel to be legally insufficient. See Downs v. State, 453 So.2d 1102 (Fla. 1984), citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As stated above, appellant's *199 counsel made him aware of the possibility of receiving probation. As such, defense counsel fulfilled his responsibilities under Florida Rule of Criminal Procedure 3.171(c)(2)(B). Defense counsel is not required to give each pleading defendant a consultation equivalent to a treatise on Florida criminal law. Further, nothing said or done by appellant's attorney encouraged appellant to erroneously believe that his split sentence had to be within the guidelines range.
I would affirm the trial court's order denying postconviction relief in its entirety.