HALL, Judge.
Arthur Rush challenges the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged that he was unlawfuby induced to enter a no contest plea to aggravated assault charges and that he received ineffective assistance of counsel. Rush contends the trial court erred in sentencing him to a straight prison term despite the fact he entered a no contest plea in reliance on promises of placement in a drug rehabibtation program in beu of incarceration. He further contends that the attachments which accompany the trial court’s order of denial do not refute his claim of ineffective assistance, but, instead, support his assertion that his trial counsel failed to provide him with information crucial to a decision of whether to plead no contest. We agree with Rush’s contentions and, therefore, reverse and remand for further proceedings.
The trial court denied Rush’s 3.850 motion, finding that Rush chose to plead no contest in open court and was not promised drug treatment. The trial court further found that Rush’s claim of ineffective assistance of counsel was faciaby insufficient in that Rush asserted a mere conclusory allegation of ineffective assistance with no supporting facts.
Though the record we have been furnished shows that Rush did indeed plead no contest to the charges against him, it also shows that drug rehabibtation in beu of a prison term was the contemplated punishment. The transcript of Rush’s plea hearing shows that both the state and Rush’s victims were in favor of drug rehabibtation instead of incarceration. For that reason, the trial judge stated, “[w]hat I plan on doing would be to impose a prison sentence and suspend it and then put him on community control with the drug program.” The excerpt of the sentencing hearing transcript attached to the order, however, shows that in a last-minute maneuver, the state changed its mind, asked for a straight prison sentence, and the trial court obliged. Since neither the attachments to the order of denial nor any other part of the record before us refutes Rush’s claim that he reasonably rebed on promises of drug rehabibtation, we find the trial court’s ruling on this ground was incorrect.
*55 With regard to Rush’s claim of ineffective assistance of counsel, the record shows that Rush alleged in his motion that he was “never advised by his attorney ... that he could withdraw his plea.” We find not only is Rush’s allegation in that regard facially sufficient but, if such allegation is true, Rush may be entitled to relief. See Green v. Dugger, 575 So.2d 750 (Fla. 2d DCA 1991); Brown v. State, 1994 WL 372934, 19 Fla.L.Weekly 1550 (Fla. 1st DCA 1994). As the First District found in Brown,
Rule 3.171(e)(2)(B), Florida Rules of Criminal Procedure, provides, in relevant part, that ‘[d]efense counsel shall advise [the] defendant of ... all pertinent matters bearing on the choice of which plea to enter and the particulars attendant upon each plea and the likely results thereof....’ In other words, ‘defense counsel has the obligation to ensure that a defendant understands the direct consequences of his plea.’ Setzer v. State, 575 So.2d 747 (Fla. 5th DCA 1991).
Since there is nothing in the instant record showing that Rush was properly advised that he could withdraw his plea when it became clear that the state was no longer in agreement with drug rehabilitation in lieu of incarceration, we find the trial court improperly ruled on this ground as well.
Accordingly, the instant case is reversed and remanded. On remand, if the trial court again denies relief, it must set forth specific reasons for the denial and attach portions of the record which conclusively refute the allegations Rush asserts in his motion for post-conviction relief. If such claims cannot be refuted, a full evidentiary hearing will be necessary.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.