668 So.2d 627 (1996)
William HOLLOWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1691-2.00
District Court of Appeal of Florida, Fifth District.
January 12, 1996.
Rehearing Denied February 28, 1996.
William Holloway, Arcadia, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and E. Paul Stanley, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
William Holloway (defendant) appeals the trial court's order denying his motion for correction of sentences which was filed in accordance with the provisions of rule 3.800(a) of the Florida Rules of Criminal Procedure. We affirm in part, and reverse in part.
The defendant was convicted of armed burglary of a dwelling, a first-degree felony punishable by life;[1] robbery with a deadly weapon, a first-degree felony punishable by life,[2] and attempted sexual battery with a deadly weapon, a second-degree felony.[3] *628 The defendant was sentenced to a term of twenty-two years in prison followed by a term of life probation on each conviction.
The defendant first argues that his sentence for attempted sexual battery is illegal because it exceeds the statutory maximum for a second-degree felony. This argument possesses merit. The record reflects that, although the defendant was charged with committing a sexual battery using a deadly weapon or physical force likely to cause personal injury which is a life felony, he was convicted of attempting to commit a sexual battery using a deadly weapon which is a second-degree felony carrying a maximum sentence of fifteen years in prison.[4] Thus, the twenty-two year prison sentence imposed on this conviction improperly exceeds the statutory maximum. Accordingly, this sentence must be reversed, and this matter remanded for resentencing.[5]
The defendant next argues that the sentences imposed on his convictions for armed burglary and armed robbery are illegal, asserting that the trial court improperly departed from the maximum sentence authorized by the sentencing guidelines by imposing terms of life probation to follow the twenty-two year prison sentences. This argument lacks merit for two reasons. First, relief afforded by rule 3.800(a) does not extend to claims that the sentencing guidelines have been exceeded, but instead, the relief under the rule is limited to circumstances where a defendant's sentence exceeds the maximum sentence authorized by statute. See State v. Callaway, 658 So.2d 983 (Fla. 1995). Second, a sentence is not an improper departure just because the prison term, when added to the term of probation, exceeds the sentencing guideline range. As pointed out in Robbins v. State, 641 So.2d 934 (Fla. 2d DCA 1994), only the incarcerative portion of a split sentence must fall within the sentencing guideline range. See also Brown v. State, 647 So.2d 197 (Fla. 1st DCA 1994); Morris v. State, 532 So.2d 1116 (Fla. 5th DCA 1988).
The defendant also argues that the sentences imposed on his convictions for armed burglary and armed robbery are illegal because they exceed the statutory maximum for first-degree felonies punishable by life imprisonment. In asserting this claim, the defendant apparently relies on a line of cases which hold that, when sentencing a defendant for a "life felony" the total split sentence consisting of a term of years plus probation may not exceed forty years. See State v. Holmes, 360 So.2d 380 (Fla.1978). For example, in Dyer v. State, 629 So.2d 285 (Fla. 5th DCA 1993), this court held that a term of fifteen years incarceration followed by a term of life probation exceeded the statutory maximum of forty years for a life felony. See also White v. State, 652 So.2d 518 (Fla. 5th DCA 1995); Turner v. State, 623 So.2d 1220 (Fla. 5th DCA 1993). The defendant's reliance is misplaced however, because these cases are factually distinguishable. In this regard, the cases cited above involved "life felonies" punishable under section 775.082(3)(a) of the Florida Statutes, whereas here the defendant's crimes are first degree felonies punishable by imprisonment for a term of years not exceeding life under section 775.082(3)(b) of the Florida Statutes. When sentencing for first-degree felonies falling within paragraph (3)(b) of the statute, trial courts are not limited to imposing a sentence of forty years imprisonment. See Alvarez v. State, 358 So.2d 10 (Fla.1978) (sentence of 125 years does not exceed maximum of term of years not exceeding life); Crabtree v. State, 624 So.2d 743 (Fla. 5th DCA 1993), rev. denied, 634 So.2d 623 (Fla. 1994) (sentence of 125 years for first-degree felony punishable by term of years not exceeding life is legal sentence); Edgecomb v. State, 587 So.2d 647 (Fla. 1st DCA 1991) *629 (sentence of 165 years for first-degree felony punishable by term of years not exceeding life is legal sentence); Sterling v. State, 584 So.2d 626 (Fla. 2d DCA), rev. denied, 592 So.2d 682 (Fla.1991) (by virtue of a statutory anomaly, no limitation is placed on the term of years that may be imposed for a first-degree felony punishable by a term of years not exceeding life imprisonment).
The next issue is whether the defendant's sentences of twenty-two years imprisonment followed by a term of life probation exceed the statutory maximum of "a term of years not exceeding life imprisonment." Giving the ordinary meaning to word "life," and applying common sense, as we choose to do, we conclude that such a sentence is not longer than the term of the defendant's life and is, therefore, within the statutory maximum.
In summary, we reverse the sentence imposed for defendant's conviction for attempted sexual battery with a deadly weapon and instruct the trial court to resentence the defendant in accordance with this opinion, making certain that defendant's judgment be corrected to reflect this offense as a second-degree felony. In all other respects, the trial court is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
PETERSON, C.J. and COBB, J., concur.
NOTES
[1] § 810.02(2)(b), (1989).
[2] § 812.13(2)(a), Fla.Stat. (1989).
[3] §§ 794.011(3), 777.04(1), Fla.Stat. (1989).
[4] § 775.082(3)(c), Fla.Stat. (1989).
[5] The record demonstrates that the defendant used a deadly weapon in the attempt to commit the sexual battery and the state concedes that the defendant was convicted of attempted sexual battery while armed, not attempted sexual battery with physical force likely to cause injury. This distinction is important because attempted sexual battery while armed is a second-degree felony which cannot be enhanced for use of a weapon since use of a weapon is an essential element of the offense. Ellis v. State, 608 So.2d 514 (Fla. 5th DCA 1992). Ironically, had the defendant been convicted of the crime of sexual battery using physical force likely to cause personal injury, his sentence could have been enhanced for use of a weapon during the commission of a felony. See § 775.087, Fla.Stat. (1989).