965 So.2d 845 (2007)
Brian Thomas RIVIERE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3441.
District Court of Appeal of Florida, Second District.
September 28, 2007.
KELLY, Judge.
Brian Thomas Riviere appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the postconviction court's order and remand for reconsideration of the claim as if it were filed under rule 3.850.
Riviere's motion raised the single claim that the statute of limitations expired before the State filed charges against him. The postconviction court correctly found that Riviere's allegation should have been raised in a rule 3.850 motion. See Fla. R.Crim. P. 3.850(a)(1); Morgan v. State, 888 So.2d 128 (Fla. 3d DCA 2004) (holding that the defendant's claim that the statute of limitations had expired on several counts before the State filed its information was an attack on both his conviction and sentence and should be raised pursuant to rule 3.850). Nevertheless, because Riviere's motion was properly sworn and otherwise met the requirements of rule 3.850, the postconviction court should not have denied it but rather should have treated it as a motion filed pursuant to that rule. See Snell v. State, 890 So.2d 1292 (Fla. 2d DCA 2005); Rinderer v. State, 857 So.2d 955 (Fla. 4th DCA 2003). Accordingly, we reverse the postconviction court's order and remand for reconsideration pursuant to rule 3.850. If the court again denies the motion, it shall attach portions of the record that conclusively refute Riviere's claim.
Reversed and remanded.
WHATLEY and VILLANTI, JJ., Concur.