968 So.2d 1050 (2007)
Antonio Z. HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2479.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
*1051 Antonio Z. Henderson, East Palatka, pro se.
Bill McCollum, Attorney General, Tallahassee and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
The order denying Appellant's fourth rule 3.800(a) motion to correct sentence is affirmed. On September 21, 2007, this Court directed Appellant to show cause why he should not be prohibited from filing any further appeals or petitions pertaining to his sentence in Putnam County Case No. 98-364, unless reviewed and signed by an attorney licensed to practice in the State of Florida. See generally, State v. Spencer, 751 So.2d 47 (Fla.1999). Appellant filed a response which has been carefully reviewed by this Court. Appellant's sentence of fifteen years incarceration following the revocation of probation is legal and does not exceed the statutory maximum penalty for a second degree felony. If Appellant received an invalid departure sentence based on his violation of probation, that issue should have been raised on direct appeal. See Holloway v. State, 668 So.2d 627 (Fla. 5th DCA 1996); Rouse v. State, 601 So.2d 281 (Fla. 1st DCA 1992), review denied, 604 So.2d 487 (Fla.1992). Appellant has continuously raised sentencing guideline scoresheet issues which have no bearing on his 15-year sentence, as the departure sentence was not subject to the range provided by his scoresheet. Appellant is hereby prohibited from filing any further appeals or petitions in this court regarding the sentence he received in Putnam County Case No. 98-364, unless reviewed and signed by an attorney licensed to practice in the State of Florida. The clerk of this court shall not accept any further pro se pleadings or appeals from Appellant which relate to the sentence in this case. See Freeman v. State, 794 So.2d 735 (Fla. 5th DCA 2001), review dismissed, 906 So.2d 1058 (Fla. 2005); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995).
The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2005); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; future pro se filings PROHIBITED; certified opinion FORWARDED to Department of Corrections.
GRIFFIN, SAWAYA and MONACO, JJ., concur.