977 So.2d 797 (2008)
Michael L. HETTICK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3792.
District Court of Appeal of Florida, Second District.
April 4, 2008.
STRINGER, Judge.
Michael L. Hettick appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of *798 Criminal Procedure 3.800(a). Although Mr. Hettick's sentence is not illegal, we reverse and remand because the postconviction court should have considered his motion as if it were filed pursuant to rule 3.850.
Mr. Hettick's single claim alleges that the aggregate of his concurrent sentences in three separate cases exceeded a negotiated plea of "83 mos FSP cap concurrent," as reflected on the written plea form. Mr. Hettick was actually sentenced to concurrent terms totaling 120 months: 60 months in prison, followed by 2 years of community control and 3 years of drug`offender probation. In his motion, Mr. Hettick asked the postconviction court to correct his erroneous sentences by resentencing him to concurrent terms totaling no more than 83 months.
The postconviction court denied the motion because the 60-month incarcerative portion of Mr. Hettick's concurrent sentences did not conflict with the written plea agreement's limitation of the prison term to 83 months. The postconviction court also found that Mr. Hettick did not allege and the written plea form did not reflect any agreements as to the length of postincarcerative supervision; therefore, the sentences did not violate the terms of his negotiated plea.
There are two problems with the postconviction court's order. First, the postconviction court should have recognized that Mr. Hettick's claim was not cognizable pursuant to rule 3.800(a). The thrust of Mr. Hettick's claim is that the trial court violated the terms of his negotiated plea agreement, rendering his plea involuntary. Properly pleaded, this type of claim is cognizable under rule 3.850. See Dellofano v. State, 946 So.2d 127, 129 (Fla. 5th DCA 2007) (Lawson, J., concurring specially) (observing that because there is no procedure in the Florida Rules of Criminal Procedure for a "motion to enforce plea agreement," the only avenue available to the movant is to file a claim pursuant to rule 3.850). Because the motion was properly sworn and was filed within the time limitations of that rule, the postconviction court should have treated it as such. See Riviere v. State, 965 So.2d 845 (Fla. 2d DCA 2007).
Second, the postconviction court's reasons for rejecting Mr. Hettick's claim were flawed. The postconviction court essentially concluded that the silence of the plea agreement as to the length of postincarcerative supervision meant that the court was free to impose community control and drug offender probation of any length. Generally, however, a defendant's understanding of the significance and consequences of his or her plea cannot be determined solely from the document's silence as to a particular term. See, e.g., Green v. Bugger, 575 So.2d 750, 751 (Fla. 2d DCA 1991) (remanding for the court to re-examine the record to determine whether the defendant's plea agreement was violated by the addition of probation to his sentence and observing that an evidentiary hearing might be required); Eggers v. State, 624 So.2d 336, 337-38 (Fla. 1st DCA 1993) (holding that a trial court must inform the defendant that the prison term specified in the plea agreement will be followed by a probationary term, if that is the court's intent).
In this case, however, any determination on the merits of Mr. Hettick's specific claim would be premature as the postconviction court has not had the opportunity to consider it as filed under rule 3.850. We therefore reverse the postconviction court's order and remand for reconsideration under rule 3.850. If the postconviction court determines that the motion is facially insufficient, it must grant Mr. Hettick one opportunity to correct any pleading *799 deficiency. See Spera v. State, 971 So.2d 754 (Fla.2007). If the court summarily denies the motion, it must attach to its order portions of the record conclusively refuting the claim.
Reversed and remanded.
CASANUEVA and KELLY, JJ., Concur.