*776
 
 PER CURIAM.
 

 Randall Deatherage appeals the order dismissing without prejudice in part, and denying in part, his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm, without comment, the postconviction court’s denial of Deather-age’s second claim. As to his first claim, we reverse the postconviction court’s dismissal without prejudice because the claim should have been denied.
 

 Deatherage was sentenced to two years in state prison on two counts (in separate cases) of driving while his license was suspended or revoked, a third-degree felony. In his first claim, Deatherage alleged that his sentence is illegal because he lacked the requisite prior convictions necessary for felony convictions. The postconviction court ruled that the issue was not cognizable in a rule 3.800(a) motion and dismissed the claim without prejudice for Deatherage to raise it in a rule 3.850 motion, even though his motion was submitted with an oath and within the time allowed for rule 3.850 motions.
 

 As a general rule, a rule 3.800(a) motion raising claims that are not cognizable under rule 3.800(a) but are cognizable under rule
 
 3.850
 
 should not be dismissed but rather should be treated as a motion filed pursuant to rule 3.850 when the motion meets timeliness and formal requirements of that rule.
 
 See Riviere v. State,
 
 965 So.2d 845 (Fla. 2d DCA 2007). In this case, however, the erroneous legal basis of Deatherage’s claim demonstrates that he is not entitled to relief.
 

 Deatherage argues that his felony convictions and state prison sentences should be converted to misdemeanors and county jail sentences by the retroactive application of subsection (10) of section 322.34, Florida Statutes, which became effective July 1, 2008. Ch. 2008-53, §§ 1, 3, Laws of Fla. With the addition of section 322.34(10), a person whose underlying license suspensions or revocations were for violations enumerated in section 322.34(10)(a) will no longer be subject to the third-degree felony penalty as otherwise provided by section 322.34(2)(e) for driving with a suspended license for a third or subsequent time, provided the person does not have a prior forcible felony conviction. Instead, under section 322.34(10)(b)(2), a second or subsequent conviction of driving while a license has been suspended or revoked for violations enumerated in section 322.34(10)(a) is now a first-degree misdemeanor.
 

 As a substantive change to a criminal statute, section 322.34(10) does not apply retroactively to offenses committed before its effective date.
 
 See
 
 Art. X, § 9, Fla.
 
 *777
 
 Const. (“Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed.”);
 
 Castle v. State,
 
 330 So.2d 10, 11 (Fla.1976) (holding that a defendant was not entitled to be sentenced under a later enacted statute that reduced the maximum penalty for his crime);
 
 Santiago v. State,
 
 731 So.2d 787, 788 (Fla. 1st DCA 1999) (holding that an amendment changing the predicate for a felony offense under section 322.34 did not apply retroactively);
 
 see also State v. Battle,
 
 661 So.2d 38, 39 (Fla. 2d DCA 1995) (“The controlling statute for punishment is the statute in effect at the time of the commission of the crime.”).
 

 In his motion, Deatherage alleged that he was sentenced on January 22, 2008, necessarily indicating that the offenses occurred before the effective date of section 322.34(10). Therefore, Deatherage’s claim, on its face, shows that he is not entitled to the relief he seeks. Accordingly, we reverse the postconviction court’s order to the extent Deatherage’s first claim was dismissed without prejudice and remand with directions for the postconviction court to deny the claim. The postconviction court’s order is affirmed in all other respects.
 

 Affirmed in part; reversed in part; remanded with directions.
 

 FULMER, WHATLEY, and KHOUZAM, JJ., Concur.