PER CURIAM.
The defendant appeals an order denying his Florida Rule of Criminal Procedure 3.850 motion. We reverse.
The court apparently denied the motion based on a conclusion that the defendant was seeking a mitigation of his sentence. The relief sought by the motion is actually the enforcement of the defendant’s plea agreement. The motion explains that the defendant pled to an eight year sentence following a violation of parole and a prior period of incarceration. However, the Department of Corrections [DOC] has added one year of forfeited gain time to that agreed sentence. As a result, instead of the eight years to which he pled, the defendant alleges that he will serve nine years. He now alleges that he is entitled to enforce his plea.
While the trial court does not have the ability to determine how the DOC will structure gain time, it does have authority to structure its sentence so that a plea agreement will be observed. Devoid v. State, 987 So.2d 219 (Fla. 5th DCA 2008); Frierson v. State, — So.3d-(Fla. 5th DCA 2012); Hettick v. State, 977 So.2d 797 (Fla. 2d DCA 2008). The 3.850 motion is the proper vehicle to enforce the plea agreement. Hettick.
On remand, the trial court shall consider and rule upon the defendant’s motion to enforce his plea agreement.