DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DIEGO PUERTAS OLIVA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3789

[July 23, 2014]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Robinson, Judge; L.T. Case No. 08-8322 CF10A.

Michelle Walsh of Michelle Walsh, P.A., Miami, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Diego Puertas Oliva appeals the summary denial of his rule 3.850 postconviction motion.  *See* Fla. R. Crim. P. 3.850.  While we affirm the denial of ground two without comment, the record does not conclusively refute ground one, that counsel was ineffective in failing to advise him of his potential sentencing exposure.

Oliva was initially charged with DUI Manslaughter/Unlawful Blood Alcohol Level, DUI Manslaughter/Impairment, Vehicular Homicide, DUI with Property Damage, and Failure to Obey a Law Enforcement Officer. Oliva alleges that he entered into a negotiated no contest plea to DUI Manslaughter/Impairment and DUI with Property Damage whereby the state agreed to nolle prosse several of the counts and also cap his prison sentence at the bottom of the guidelines, which was 124.65 months, if Oliva pled open.  Counsel advised him that he could also seek a downward departure.  At no time, states Oliva, was he informed of the possibility of probation *in addition to* the agreed-upon cap.  The court ultimately

sentenced him to 124.65 months imprisonment, for DUI Manslaughter, with a 4-year mandatory minimum, *to be followed by 4.5 years' probation.*

At issue is Oliva's claim that he was not advised of the possibility that he could receive probation *in addition to the maximum agreed-upon prison sentence.* He relies upon *Eggers v. State*, 624 So. 2d 336 (Fla. 1st DCA 1993), for the proposition that a defendant is entitled to relief when not informed of the probationary component to a sentence when entering a plea. The state, however, urges this court to affirm based upon this being an open plea. At all times during the plea hearing and subsequent proceedings, the agreement was referred to as an open plea. Oliva, however, argues that it was a hybrid plea based upon the agreed sentencing cap, his opportunity to file a downward departure motion, and the state's having nolle prossed two charges. Although he was unsure how much time the court would choose to impose, his understanding was that it would not exceed 124.65 months pursuant to the agreement. In other words, it was "open" in the sense that the court could consider something less than the cap. Probation was not discussed on the record until the day of sentencing.

Because the record before us does not refute Oliva's understanding that his maximum sentencing exposure, including probation, could not exceed 124.65 months based upon the agreed-upon sentencing cap, we reverse and remand for the trial court to conduct an evidentiary hearing on this claim.

WARNER, LEVINE and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***