# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-0423

_____

MARCEL MICKLES,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, III, Judge.

February 15, 2019

WOLF, J.

Appellant challenges the denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of the first two grounds raised in his motion without comment. As to the third ground, appellant argues counsel was ineffective for failing to object when the trial court imposed a sentence that exceeded the terms of his plea agreement. We agree and reverse and remand.

Appellant was charged with 4 counts: possession of a firearm by a convicted felon (count 1); possession of a controlled substance with the intent to sell, manufacture, or deliver (count 2); possession of a concealed weapon by a convicted felon (count 3); and altering the serial number from a firearm (count 4). He

entered a plea of nolo contendere pursuant to a plea agreement. For counts 1 and 2, his written plea agreement stated, "plea straight up State agrees to cap of 10 years FSP." For count 3, he entered a "plea straight up" to the lesser-included offense of carrying a concealed firearm, and for count 4 he also pled "straight up." During the plea colloquy, the trial court explained to appellant: "Any legal sentence would be allowed with a cap; that is would be no more than 10 years state prison, but anything from that and below that would be in the discretion of the court." Appellant affirmed that was his understanding of the agreement. However, appellant was sentenced to 8 years in prison followed by 5 years' probation for counts 1 and 2, as well as 5 years in prison for counts 3 and 4.

The postconviction court found the term "FSP" clearly referred to "Florida State Prison." It reasoned that both the written plea agreement and the colloquy confirmed that the sentencing cap only applied to any incarcerate portion of the sentence and not probation. Thus, the court summarily denied this claim.

When a plea agreement places a cap on the term of incarceration, "'the trial court must apprise the defendant that the period of incarceration specified in the plea agreement will be followed by a period of probation, if such is the court's intent.'" *Echeverria v. State*, 949 So. 2d 331, 334 (Fla. 1st DCA 2007) (quoting *Eggers v. State*, 624 So. 2d 336, 337-38 (Fla. 1st DCA 1993)). Doing so is part of the trial court's obligation to determine the voluntariness of the plea under Florida Rule of Criminal Procedure 3.172(c)(7), which requires advising the defendant of the complete terms of the plea agreement. *Id.*

Here, the trial court failed to apprise appellant of its intent to impose a probationary period in addition to the term of incarceration specified in the plea agreement. Because appellant did not move to withdraw his plea, this claim could not have been reached on direct appeal and was properly raised through a rule 3.850 motion. *Eggers*, 624 So. 2d at 337. Thus, we reverse and remand for the trial court either to resentence appellant within the agreed-upon range or to afford him the opportunity to withdraw his plea. *See Eggers*, 624 So. 2d at 337.

AFFIRMED in part, REVERSED and REMANDED in part.

MAKAR and M.K. THOMAS, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Marcel Mickles, pro se, Appellant.

Ashley B. Moody, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.