231 F.2d 259
 UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA, and John W. Nelson, individually, and as President of UE Local 506, Appellants,
v.
GENERAL ELECTRIC COMPANY, Appellee.
 No. 12628.
 United States Court of Appeals District of Columbia Circuit.
 Argued November 7, 1955.
 Decided March 22, 1956.
 
 Mr. David Scribner, of the bar of the Court of Appeals of New York, New York City, pro hac vice, by special leave of Court, with whom Mr. Joseph Forer, Washington, D. C., was on the brief, for appellants.
 Mr. Gerhard A. Gesell, Washington, D. C., with whom Messrs. Burke Marshall and Abram J. Chayes, Washington, D. C., were on the brief, for appellee.
 Before EDGERTON, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.
 EDGERTON, Chief Judge.
 
 
 1
 Appellant Union, certified representative of a number of General Electric Company employees, and appellant Nelson, a member of the Union, ask declaratory and injunctive relief and damages against appellee General Electric Company. The complaint says the Company violated a collective bargaining contract by adopting and enforcing a rule or "policy" that calls for suspension and discharge of employees who invoke the Fifth Amendment, or refuse to testify, before a Congressional committee investigating Communism. Adoption of this rule is said to be a unilateral change in conditions of employment, in violation of the Company's duty to bargain with the Union. Appellant Nelson was suspended, and later discharged, under the rule.
 
 
 2
 To say the Company violated its duty to bargain with the Union is to say it committed an unfair labor practice. 61 Stat. 141, 29 U.S.C.A. § 158(a) (5). The claim is therefore within the exclusive primary jurisdiction of the National Labor Relations Board. "Congress declared that certain labor practices should be unfair, but it prescribed a particular method by which such practices should be ascertained and prevented. By the express terms of the Act, the Board was made the exclusive agency for that purpose." Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 264, 60 S.Ct. 561, 563, 84 L.Ed. 738. The Labor Management Relations Act of 1947 has not given the courts jurisdiction of unfair labor practice claims. The Board's primary jurisdiction of such claims is still exclusive. Garner v. Teamsters, Chauffeurs and Helpers Local Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228.[1]
 
 
 3
 The complaint also says the Company violated a term of the collective bargaining contract that requires notice to be given before penalties are imposed on employees. But a United States District Court has no jurisdiction, under § 301 of the Labor Management Relations Act, 61 Stat. 156, 29 U.S.C.A. § 185, or otherwise, of a union's claim that employees have been injured by an employer's breach of a collective bargaining contract. Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 98 L.Ed. 510.
 
 
 4
 An employee discharged in violation of a collective bargaining contract may have a claim that is judicially enforceable. Marranzano v. Riggs National Bank, 1950, 87 U.S.App.D.C. 195, 184 F.2d 349. But the claim is not enforceable in the United States District Court for the District of Columbia unless the amount in controversy exceeds $3,000. Smaller claims are within the exclusive jurisdiction of the Municipal Court for the District of Columbia. D.C.Code (1951) § 11-755. Appellant Nelson's claim does not meet the District Court's jurisdictional requirement. During the last full year of his employment by the Company, most of his time was spent on Union work for which he was not paid or entitled to be paid by the Company, and his earnings from the Company were $618.51. It does not appear that his Company employment and earnings would have been larger in the future, or that his Company discharge affected his Union employment and earnings. Cf. Friedman v. International Ass'n of Machinists, 95 U.S.App.D.C. 128, 220 F.2d 808. Appellants say his discharge deprived him of "the benefits of the insurance protection given under the contract, a matter of $6,000 in life insurance alone", but the record refutes this statement. The contract provides that "The employee whose service with the Company has been terminated may arrange with the Metropolitan Life Insurance Company to continue his group life insurance under an individual policy without medical examination. However, the Paid-up Life Insurance that the employee may have purchased will continue in effect, or if he prefers he may cancel it and take the cash value."[2]
 
 
 5
 The complaint says the Company conspired with other persons to deprive the plaintiffs of constitutional rights. We need not consider whether the alleged facts would, if proved, entitle the plaintiffs to relief under the Civil Rights Act, R.S. § 1980, 42 U.S. C.A. § 1985(3), for the plaintiffs failed to prove any conspiracy. With respect to the Company rule or "policy" the court found, on sufficient evidence, that "Both the decision to issue such a policy and the decision as to its substance were made solely as a Company matter without any consultation or communication with any Government representatives or other persons outside the Company."
 
 
 6
 The District Court dismissed the complaint on the merits. We think the contract claims should have been dismissed for lack of jurisdiction.
 
 
 7
 Judgment affirmed in part, vacated in part.
 
 
 
 Notes:
 
 
 [1]
 The circumstance that the facts alleged in the present complaint, constituting an unfair labor practice, are in the nature of a breach of contract and not, like the facts in the Garner case, in the nature of a tort, would not authorize the District Court or this court to create an exception to the Garner rule and assert jurisdiction before the Board has been asked to exercise it
 Cf. Anson v. Hiram Walker & Sons, 7 Cir., 1955, 222 F.2d 100, 105, certiorari denied, 1955, 350 U.S. 840, 76 S.Ct. 79; United Packing House Workers v. Wilson & Co., D.C.N.D.Ill.1948, 80 F. Supp. 563; and United Electrical, Radio & Machine Workers v. Worthington Corp., D.C.D.Mass.1955, 136 F.Supp. 31; also Textile Workers Union of America v. Arista Mills Co., 4 Cir., 1951, 193 F. 2d 529, 533-534, and Reed v. Fawick Airflex Co., D.C.N.D.Ohio 1949, 86 F. Supp. 822. See Note, 69 Harv.L.Rev. 725 (1956). The House Conference Report on the Taft-Hartley Act (H.R.Rep. No. 510, 80th Cong., 1st Sess.) indicated at page 52 that in some cases there might be a concurrent remedy before the courts and before the Board.
 
 
 [2]
 We do not consider whether, if the contract had not allowed a discharged employee to continue his insurance, its present value could be considered for jurisdictional purposes