**BELSINGER SIGNS, INC., Plaintiff,**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS et al., Defendants.**

**Civ. A. No. 1448–64.**

United States District Court
District of Columbia.
July 15, 1964.

742

Richard E. Rubenstein, and Robert D. Wallick, Steptoe & Johnson, Washington, D. C., for plaintiff.

Ronald Rosenberg, Van Arkel & Kaiser, Washington, D. C., and Thomas X. Dunn, and Joseph Sickles, Washington, D. C., for defendants.

LEONARD P. WALSH, District Judge.

This matter comes before the Court on a motion for a mandatory preliminary injunction.

The plaintiff, Belsinger Signs, Inc., is engaged in the manufacture, sale and repair of neon signs. The plaintiff is a member of the Greater Washington Sign Association (GWSA), an employers' association which has handled negotiations with the defendant Union. In March of 1964, the Union executed collective bar-

gaining agreements with all members of GWSA except the plaintiff.

The plaintiff states that the reason the Union did not sign the contract is that Belsinger ceased the manufacture of signs in Washington, although it continued to sell and service the signs.

The Defendant Union contends that two-thirds of the work force was fired and, as a result, Local 26 no longer represented a majority of the employees.

The plaintiff has filed unfair labor practice charges with the National Labor Relations Board, and a hearing is scheduled for August 17, 1964.

The plaintiff now comes before this court and asks for a temporary restraining order requiring the defendants to cease and desist from refusing to comply with the decision of the Council, which had directed the parties to enter into negotiations, and for a preliminary mandatory injunction ordering the defendants to enter into the collective bargaining agreement.

It appears to this Court that the allegations of the plaintiff are founded on a claim of unfair labor practices. This Court does not have jurisdiction over these matters since Congress has expressly preempted these actions for the National Labor Relations Board. See United Electrical Radio & Machine Workers of America v. General Electric Co., 97 U.S.App.D.C. 306, 231 F.2d 259 (1956).

In addition, this complaint is now pending before the National Labor Relations Board and a hearing is scheduled for August 17, 1964. It would be a clear subversion of the National Labor Relations Act, 29 U.S.C.A. § 160, for this Court to assume jurisdiction of this complaint.

Therefore, it is this 15th day of July, 1964,

Ordered, that plaintiff's motion for a temporary restraining order be, and the same hereby is, denied; and

It is further ordered that plaintiff's motion for a preliminary mandatory injunction be, and the same hereby is, denied.