515 So.2d 407 (1987)
Thomas Lee JEFFERSON, Appellant,
v.
STATE of Florida, Appellee.
No. BS-103.
District Court of Appeal of Florida, First District.
November 17, 1987.
Thomas Lee Jefferson, in pro. per.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
*408 ERVIN, Judge.
Appellant appeals the denial of his 3.850 motion, attacking the lack of voluntariness of a negotiated plea agreement, which led to an unanticipated sentence of seven years' incarceration, followed by eight years' probation. We concur that the sentence entered was in excess of the agreed upon plea bargain and reverse.[1]
The appellant pled no contest to leaving the scene of an accident and DWI manslaughter. At the plea hearing, the appellant was thoroughly questioned as to his understanding of the plea bargain and the voluntariness of his plea. The recommended guideline range was three to seven years' incarceration, and the trial judge specifically stated that he was free to sentence the appellant anywhere between the three to seven-year range, and that if he decided to exceed the range recommended by the guidelines, he would give the appellant the opportunity to withdraw his plea. The appellant then signed a written plea agreement, stating, "I will plead no contest to DWI manslaughter and leaving the scene of the accident and will be sentenced within the sentencing guidelines which is (3-7) years."
At the sentencing hearing, however, the trial court sentenced the appellant to seven years' incarceration, followed by eight years' probation. This was the first time that the probationary period was mentioned to the appellant and there is no indication that during the plea negotiations and signing of the written plea, he was aware such a term of probation could be added to his incarceration. Under Rule 3.172(c)(vii), Florida Rules of Criminal Procedure, the trial judge is obligated, in determining the voluntariness of the plea, to advise the appellant of "[t]he complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result." If the trial court does not concur in a tendered plea arising out of the negotiations, the plea may be withdrawn. Rule 3.172(g), Fla.R.Crim.P. The appellant was never informed that an additional probationary period could be added to his negotiated term of incarceration, nor was he given the opportunity to withdraw his plea once it became apparent that the trial court intended to impose a total term of fifteen years' supervision.
As the appellant was not properly apprised of the significance and consequences of his guilty plea, the case must be remanded. See State v. Green, 421 So.2d 508 (Fla. 1982) (failure to advise defendant of direct consequences of plea prohibits him from rendering a truly voluntary and knowledgable waiver of his constitutional rights); Harvey v. State, 399 So.2d 1134 (Fla. 1st DCA), rev. denied, 411 So.2d 382 (Fla. 1981) (if appellant was unaware of greater penalty to which he was exposed at the time of the entry of the plea, his sentence must be either reduced, or he must be allowed to withdraw his plea). On remand, the trial court shall either sentence the appellant to the agreed upon sentence of three to seven years' incarceration, or allow the appellant the option of withdrawing his plea.
REVERSED AND REMANDED for futher consistent proceedings.
MILLS and NIMMONS, JJ., concur.
NOTES
[1] The appellant raises three other issues in his motion for post-conviction relief, all of which we find without merit and decline to address.