WIGGINTON, Judge.
We affirm the trial court’s order denying appellant’s motion for post-conviction relief. Regarding appellant’s argument under Point III that his negotiated plea was involuntary inasmuch as he was never informed that an additional probationary period could and would be added to his negotiated term of incarceration, we distinguish the holding in Jefferson v. State, 515 So.2d 407 (Fla. 1st DCA 1987), from the circumstances of the instant case. Significantly, in Jefferson, the trial court explicitly stated that it would sentence the defendant within a certain range of incarceration, after which the defendant signed a written plea agreement stating that he would be sentenced within that particular range. Thus, this Court found that the trial court’s imposition of an additional eight years probation was erroneous, as the defendant had never been informed that an additional probationary period could be added to his negotiated term of incarceration or given an opportunity to withdraw his plea once it became apparent that the court intended to impose a greater term of supervision.
In contrast, the instant negotiated plea stated only that the state would not seek a sentence outside of the guidelines range; the court did not make any similar representation as in Jefferson. Further, appellant’s petition to enter the plea reflected that he understood the mandatory minimum penalty for the charge as well as the maximum possible sentence therefor, that the sentence was up to the court only, and that the agreement was entered into freely and voluntarily. At sentencing, the state stood by its agreement and did not seek a sentence outside of the recommended guidelines range. Moreover, appellant did receive a guideline sentence as the 15-year probationary period did not account for a portion of his sentence. Cigelski v. State, *132 453 So.2d 840 (Fla. 1st DCA 1984), pet. for rev. den., 459 So.2d 1039 (Fla.1984).
AFFIRMED,
SHIVERS, C.J., and WENTWORTH, J., concur.