PER CURIAM.
James Spacco appeals the summary denial of his motion pursuant to Rule 3.850, Florida Rules of Criminal Procedure, alleging that his plea was involuntary and that he was denied effective assistance of counsel.
Specifically, Spacco alleges that he entered a guilty plea with the understanding that he would be sentenced to between 39 and 65 months incarceration without probation. He was instead sentenced to 52.2 months incarceration followed by 36 months probation. Spacco concludes that this resulted in a split sentence of 88.2 months, rather than the 52.2 months to which he had agreed, making his guilty plea invalid. The record attached to the denial of Spacco’s motion reflects only an agreement to a sentence within the guidelines. There is no mention of the possibility of probation, nor an objection to the period of probation by the defense when it was imposed.
An invalid guilty plea is a recognized ground for post conviction relief, but the burden is on the defendant to show that the plea was not knowing and voluntary. See Mikenas v. State, 460 So.2d 359 (Fla.1984). Likewise, misrepresentations of counsel as to the length of sentence can be a basis for relief, but relief may be summarily denied when the record conclusively refutes a defendant’s allegations. See State v. Leroux, 689 So.2d 235 (Fla.1996).
Spacco’s guilty plea would be invalid if he was not made aware that a period of probation could be imposed in addition to incarceration. See Eggers v. State, 624 So.2d 336 (Fla. 1st DCA 1993) (during examination of the voluntariness of a plea, a trial court is obligated to advise a defendant of the complete terms of a plea agreement, including whether a period of incarceration will or may be followed by a term of probation, and the failure to do so will entitle the defendant to post-conviction relief); see also Allen v. State, 710 So.2d 225 (Fla. 1st DCA 1998); Bouie v. State, 360 So.2d 1142 (Fla. 2d DCA); Green v. Dugger, 575 So.2d 750 (Fla. 2d DCA 1991); Jefferson v. State, 515 So.2d 407 (Fla. 1st DCA 1987). Cf. Perras v. State, 550 So.2d 131 (Fla. 1st DCA 1989), rev. denied, 562 So.2d 346 (Fla.1990) (where court did not agree to specific sentence and state abided by its agreement and did not request probation, split sentence imposed by court did not render defendant’s plea involuntary). Because the record fails to conclusively refute Spacco’s claim that his plea was involuntary, we reverse the summary denial of his motion and remand for an eviden-tiary hearing.
REVERSED and REMANDED.
PETERSON and THOMPSON, JJ., concur.
DAUKSCH, J., dissents, with opinion.