949 So.2d 331 (2007)
David ECHEVERRIA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-6161.
District Court of Appeal of Florida, First District.
February 26, 2007.
*332 Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals a circuit court order denying his motion to withdraw plea, and a separate circuit court order denying his motion to correct illegal sentence, which was filed pursuant to rule 3.800(b)(2). Appellant presents three issues on appeal. First, appellant argues that the trial court erred in denying appellant's timely filed motion to withdraw plea, without appointing appellant conflict-free counsel to assist him in his claim. Second, appellant argues that the trial court erred in sentencing appellant in excess of the plea agreement without affirmatively offering appellant the opportunity to withdraw his plea. Third, appellant argues that the trial court erred in denying his motion to withdraw plea and his 3.800(b)(2) motion, where each motion alleged that trial counsel was ineffective for failing to advise appellant of, or raise before the court, legally meritorious statute of limitations defenses.
We agree with appellant's second argument on appeal. Therefore, appellant's sentence is reversed and remanded for re-sentencing with instructions. Because we are reversing on argument two, appellant's first argument is rendered moot. Accordingly, the merits of this argument will not be addressed. We affirm as to appellant's third argument. Appellant failed to adequately raise this argument in his motion to withdraw plea, and this argument is not cognizable in a 3.800(b)(2) motion.

FACTS
In the proceeding below, appellant faced a number of charges in Escambia County.[1] *333 On September 6, 2005, appellant entered a plea of nolo contendere to all of the charges. On December 2, 2005, the trial court adjudicated the appellant guilty of all charges. The trial court sentenced appellant to five years imprisonment as to each of the burglary charges, to run concurrent. This was to be followed by five years of probation, concurrent on each count, but consecutive to the term in state prison. In Case Nos. 05-1495 and 05-1496, as to Count II, the appellant was placed on probation for a term of one year, concurrent with the five year probation. In the other cases, as to Count II, the appellant was placed on six months of probation concurrent with the other probations.
Subsequent to sentencing, appellant filed a motion to withdraw plea. Appellant argued that the terms of his plea agreement had been violated by his sentence. Appellant's plea agreement contained the following language:
Plea straight to Judge with a cap of 6 years state prison as an HFO (sic.) plus restitution (to be determined  court retains jurisdiction). $390 court costs & $40 pd (sic.) fee reduced to a lien  to cover all. Sentencing hearing to argue mitigation.
(Emphasis added). Appellant' motion to withdraw plea states,
the terms of the plea agreement were violated because: we agreed to a 6, year cap and I was sentenced to 5 yrs state prison and 5 years probation. That's a total of 10 year sentence which was not agreed upon. My attorney told me that they could not go over the cap. I feel [trial counsel] failed to explain the proper process. At no time was there a defense or and he failed to file certain motions to dismiss my charges after my speedy trial date. I signed a 6 year plea contract and was told verbally as well. Please assist me and grant me this motion. Thank you for your time and consideration in this matter.
On January 27, 2006, the trial court denied appellant's motion to withdraw plea.
After filing a Notice of Appeal, but prior to filing the initial appellate brief, appellant filed a 3.800(b)(2) motion to correct illegal sentence. This motion argued appellant's second-degree petit theft convictions, in cases 05-1486, 05-1487, 05-1488, 05-1489, 05-1490, 05-1491, 05-1492, 05-1494, 05-1495 (three counts), and 05-1496, were barred by the statute of limitations, should be vacated, and that appellant *334 should be re-sentenced. The trial court summarily denied this motion, holding that appellant had waived the statute of limitations defense when he entered his pleas of nolo contendere.

VIOLATION OF THE PLEA AGREEMENT
The State rightfully concedes that, in this case, the trial court erred in sentencing appellant to five years of imprisonment followed by five years of probation. In addressing a similar situation, this Court has stated:
In determining the voluntariness of a plea, the trial judge is obligated to advise the defendant of the complete terms of any plea agreement, including any obligations the defendant will incur. Fla. R.Crim. P. 3.172(c)(7). Among other things, the trial court must apprise the defendant that the period of incarceration specified in the plea agreement will be followed by a period of probation, if such is the court's intent. Failure to do so may require remand for resentencing with the terms of the plea agreement, or to afford the option of withdrawing the plea.

Eggers v. State, 624 So.2d 336, 337-38 (Fla. 1st DCA 1993) (emphasis added). In the instant case, the record clearly shows that appellant was never informed that a period of probation would follow the six year period of incarceration specified by the plea agreement. Moreover, appellant was not afforded the opportunity to withdraw his plea once the trial court determined that it would impose a period of probation in excess of the term of supervision established by the plea agreement.
In Jefferson v. State, 515 So.2d 407 (Fla. 1st DCA 1987), this Court was faced with a situation where an appellant "was never informed that an additional probationary period could be added to his negotiated term of incarceration, [or] . . . given the opportunity to withdraw his plea once it became apparent that the trial court intended to impose a total term of . . . supervision [in excess of his negotiated term]." This Court held that because the appellant was not properly apprised of the significance and consequences of his guilty plea, he should be remanded for re-sentencing. See Jefferson, 515 So.2d at 408 (citing State v. Green, 421 So.2d 508 (Fla.1982), and Harvey v. State, 399 So.2d 1134 (Fla. 1st DCA 1981)). This Court further ordered that, on remand, "the trial court shall either sentence the appellant to the agreed upon sentence" . . . "or allow the appellant the option of withdrawing his plea." Jefferson, 515 So.2d at 408.
In accordance with the above cited case law, this case is remanded for re-sentencing. On remand, the trial court may sentence appellant to a term of imprisonment, probation, or a combination of both, so long as the total period of supervision does not exceed the six-year cap established by the plea agreement. Should the trial court determine that it cannot appropriately sentence appellant within the terms of the plea agreement, then appellant should be afforded the opportunity to withdraw his plea.

STATUTE OF LIMITATIONS/INEFFECTIVE ASSISTANCE CLAIM
Assuming, without deciding, that the second-degree petit theft charges filed against appellant were barred by the statute of limitations, appellant's argument three claims must still fail. Appellant's claim fails, because he did not properly preserve the matter for appellate review. Appellant claims to have preserved this argument by presenting it in his 3.800(b)(2) motion to correct illegal sentence. Alternatively, appellant argues that *335 he preserved this issue in his motion to withdraw plea. Unfortunately for appellant, neither of his asserted positions have merit.
Respecting appellant's 3.800(b)(2) motion, it must be stated that such a motion is not the correct procedural vehicle for attacking the merits of an underlying criminal conviction. Although motions to correct an illegal sentence are recognized pursuant to both Florida Rule of Criminal Procedure 3.800 and 3.850, Yates v. State, 556 So.2d 501, 502 (Fla. 1st DCA 1990), when the motion attacks the conviction it must be brought under rule 3.850. Wiley v. State, 604 So.2d 6 (Fla. 1st DCA 1992) (citing Ferenc v. State, 563 So.2d 707 (Fla. 1st DCA 1990); Gandy v. State, 560 So.2d 1363, 1364 (Fla. 1st DCA 1990); State v. Spella, 567 So.2d 1051, 1052 (Fla. 5th DCA 1990)). Appellant's claim that counsel was ineffective for not raising the statute of limitations defense is a direct attack on the validity of his second-degree petit theft convictions. Accordingly, appellant's claim is not cognizable in a 3.800(b)(2), and the trial court acted properly in denying the motion.
Finally, regarding appellant's motion to withdraw plea, a review of the language of his motion, supra, shows that the statute of limitations argument was not presented in his motion to withdraw plea. It is true that appellant generally alleged "at no time was there a defense," but the only defense he refers to is counsel's failure to file a speedy trial motion to dismiss. The trial court cannot be expected to inventory the ether for every conceivable defense, so as to determine if one of them applies to appellant. Without presentation of a more specific argument, appellant's claim cannot be considered preserved.
Section 924.051(1)(b), Florida Statutes, indicates that an argument is "preserved" when it "was timely raised before, and ruled on by, the trial court, and . . . was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." (Emphasis added). It cannot be said that appellant's argument was sufficiently precise, so as to appraise the trial court of the argument appellant currently presents on appeal. That is to say, that it was sufficiently precise so as to inform the trial court that appellant's counsel was ineffective for failing to move for dismissal of the second-degree petit theft charges, based on the fact that these charges were barred by the statute of limitations. Because this issue was not properly preserved, we affirm the trial court's denial of appellant's motion to withdraw plea.

CONCLUSION
Because we find merit in appellant's second argument, we reverse and remand with instructions. Our decision to reverse and remand pursuant to argument two renders appellant's first argument moot. We find that appellant's third argument is not properly preserved; therefore, we do not address its merits. On remand, the trial court will have two options. The trial court may sentence appellant to a term of prison and/or probation not to exceed the six-year cap contemplated by the plea agreement. Alternatively, if the trial court refuses to sentence appellant within the dictates of the plea agreement, then it must provide appellant with the opportunity to withdraw his plea.
REVERSED and REMANDED for re-sentencing, with instructions.
HAWKES, THOMAS, and ROBERTS, JJ., concur.
NOTES
[1] Case No. 05-1486, information filed April 28, 2005, burglary of an unoccupied conveyance and petit theft, which were alleged to have occurred on March 10, 2003; Case No. 05-1487, information filed April 28, 2005, burglary of an unoccupied conveyance and petit theft, which were alleged to have occurred on April 20, 2003; Case No. 05-1488, information filed April 29, 2005, burglary of an unoccupied conveyance and petit theft, which were alleged to have occurred on May 2, 2003; Case No. 05-1489, information filed April 29, 2005, burglary of an unoccupied conveyance and petit theft, which were alleged to have occurred on May 6, 2003; Case No. 05-1490, information filed April 29, 2005, burglary of an unoccupied conveyance and petit theft, which were alleged to have occurred on May 6, 2003; Case No. 05-1491, information filed April 28, 2005, burglary of an unoccupied conveyance and petit theft, which were alleged to have occurred on May 22, 2003; Case No. 05-1492, information filed April 29, 2005, burglary of an unoccupied conveyance and petit theft, which were alleged to have occurred on June 8, 2003; Case No. 05-1493, information filed April 29, 2005, burglary of an unoccupied conveyance and petit theft, which were alleged to have occurred on May 13, 2003; Case No. 05-1494, information filed April 29, 2005, burglary of an unoccupied conveyance and petit theft, which were alleged to have occurred on May 16, 2003; Case No. 05-1495, information filed April 29, 2005, fraudulent use of a credit card and four counts of petit theft, which were alleged to have occurred on or about May 22, or May 23, 2003; Case No. 05-1496 (charges from Case No. 05-1497 consolidated), information filed April 29, 2005, fraudulent use of a credit card and two counts of petit theft, which were alleged to have occurred on May 13, 2003.