DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY SHANE QUINLIN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-525

[May 30, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562015CF002710A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

In this appeal, appellant claims that his trial counsel was ineffective on the face of the record by failing to file a motion to vacate his plea and sentence, after the trial court sentenced him in excess of what he thought was the plea agreement. We affirm, as we cannot conclude on the face of the record that counsel was ineffective.

The State charged appellant, Anthony Quinlin, with felony battery, criminal mischief, and violation of a pretrial release-domestic violence order. The State made two plea offers to the appellant: one for a straight three-year prison sentence with no probation, and the other for a four-year capped prison sentence. No mention of probation was made with respect to the capped sentence. Appellant accepted the four-year capped sentence, and the trial court ultimately sentenced appellant to three years in prison with two years of probation. Appellant did not object at the time of sentencing, but the record contains a letter from his attorney stating:

I cannot file an appeal for an illegal sentence because you did not receive an illegal sentence. Your offer was 3 years DOC,

or a 4 year DOC CAP. He did not exceed the 4 years DOC. *I informed you when I recommended you take the 3 year offer that he could give you probation. Remember, the 4 year DOC CAP was for prison time only.*

(emphasis added).

Appellant appealed, and he claims that trial counsel was ineffective for failing to file a motion to vacate the plea when the sentence varied from the plea agreement. In *Echeverria v. State*, 949 So. 2d 331, 334 (Fla. 1st DCA 2007), the court reversed a sentence of five years of prison followed by five years of probation because the court found that the record clearly showed that in agreeing to a six-year prison sentence cap, appellant was never informed of the possibility of additional probation. Thus, the defendant had not been properly apprised of the consequences of his plea and had not been given an opportunity to withdraw his plea when the trial court decided to exceed the agreement. *See also Jefferson v. State*, 515 So. 2d 407, 408 (Fla. 1st DCA 1987).

Here, the plea agreement appears to cap appellant's sentence at four years of prison, but the letter in the record indicates that appellant's counsel explained to him that the court could add probation. Because the record does not clearly show that appellant was misinformed regarding his plea, we cannot conclude that his counsel was ineffective on the face of the record for failing to file a motion to withdraw the plea or to correct an illegal sentence, based upon his sentence exceeding the plea agreement sentencing parameters.

Our affirmance is without prejudice to appellant filing a motion for postconviction relief, as it appears that there is a dispute as to the terms of the plea agreement.

CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2