# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4006

_____

FRANK LAMAR JENNINGS,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Suwannee County.
Paul S. Bryan, Judge.

September 12, 2019

B.L. THOMAS, J.

   Appellant challenges the trial court's denial of his motion to withdraw plea. He argued that his sentence of fourteen years followed by sixteen years' probation violated his plea agreement.

*Facts*

   Appellant was charged with fleeing a law-enforcement officer, resisting an officer without violence, driving while license suspended or revoked, multiple counts of possession of a controlled substance with intent to sell or deliver, and possession of a controlled substance within 1000 feet of a place of worship. Appellant's Criminal Punishment Code scoresheet provided for a maximum sentence of 360 years in prison.

   The plea agreement stipulated that in exchange for Appellant's open guilty plea, the State would recommend a

sentence of no more than fifteen years in prison and would not seek an additional probation term.  Appellant would be allowed to argue for a downward departure from the fifteen-year prison sentence. Before accepting the plea, the court conducted an extensive colloquy, during which Appellant confirmed the voluntariness of his plea, his understanding of the plea agreement, and his understanding of what the sentence could be given the scoresheet. During the colloquy, the court, having established that another judge would be presiding over sentencing, discussed the State's recommendation of a fifteen-year prison sentence and asked the Appellant, "You understand nobody's offering you any assurances other than it will not be in excess of fifteen years?," to which Appellant replied "Yes, sir." The plea agreement was then accepted by the court.

At the sentencing hearing, the State upheld the agreement, recommending to the court a fifteen-year prison sentence. The court sentenced the Appellant to fourteen years in prison to be followed by sixteen years of drug-offender probation.

Appellant filed a motion to withdraw plea alleging that the Appellant was not told of the possibility of additional probation, and that the thirty-year split sentence violated the plea agreement. The court denied the motion, stating that the court had been lenient with the Appellant by reducing his original 360-year potential incarceration sentence to a fourteen-year incarceration sentence with a "lengthy probation" period to follow, which was less than the State's recommendation of fifteen years of incarceration.

*Analysis*

The denial of a motion to withdraw plea is reviewed under an abuse of discretion standard. *Smith v. State*, 249 So. 2d 1284, 1286 (Fla 1st DCA 2018) (citing *Woodly v. State*, 937 So. 2d 193, 196 (Fla. 4th DCA 2006)).

Generally, when a trial court expressly informs a defendant of the sentence it will impose under a plea agreement, the trial court must make it clear to the defendant whether it intends to impose a probationary period in excess of that sentence. *Jefferson v. State*, 515 So. 2d 407, 408 (Fla. 1st DCA 1987) (holding that the court violated the plea agreement because it did not inform the

2

defendant that an additional probationary period would be imposed). However, in *Perras v. State,* 550 So. 2d 131 (Fla. 1st DCA 1989), this court distinguished *Jefferson*, holding that there is a key difference between the court stating that it will sentence a defendant within a certain range under an agreement and the State agreeing to seek a sentence within a specified range.

The supreme court stated in *State v. Adams* that the "only bargain was that the state attorney would make a recommendation to the court. This was done. When the sentence was imposed, the judge was not bound by the recommendation of the state attorney or any negotiations which occurred between the state attorney and the defense counsel." 342 So. 2d 818, 820 (Fla 1977). As is the case here, "if the agreement only calls for the state to recommend a particular sentence and it is clear that the trial judge may impose a greater sentence, the defendant cannot withdraw the plea if a greater sentence is imposed so long as the state carries out its promise." *Goins v. State*, 672 So. 2d 30, 31 (Fla. 1996).

Here, the State adhered to the plea agreement and sought a fifteen-year prison sentence, allowing the Appellant to argue for a lesser sentence. Appellant previously asserted that he understood the agreement, which left the maximum term within the discretion of the sentencing judge. The sentencing court did not violate the agreement by imposing a fourteen-year prison sentence followed by sixteen years of probation.* Appellant's plea was voluntary, and the lower court did not abuse its discretion in denying the Appellant's motion to withdraw plea.

AFFIRMED.

WINOKUR and M.K. THOMAS, JJ., concur.

---

* Additionally, because the State termed its offer as a "cap" of fifteen years, a sentence including fourteen years of incarceration likely would not violate the agreement regardless of the added probationary term. *Rollman v. State*, 855 So. 2d 239, 242 (Fla. 1st DCA 2003) (Padovano, J., concurring) (noting that, regarding plea agreements, "the term 'cap' is generally understood to signify only the incarcerative portion of the sentence").

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, Jasmine Quintera Russell, Assistant Public Defender, Christopher L. Craun, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Barbara Debelius, Assistant Attorney General, Tallahassee, for Appellee.