FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA
_____

No. 1D2024-0341
_____

DILLON MATHEW VOEGELE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jennie Kinsey, Judge.


November 13, 2024

ROWE, J.,

Following a 2018 jury trial, Dillon Mathew Voegele was convicted of two counts of capital sexual battery on a victim under the age of twelve. The victim was six years old at the time of the charged offenses. Voegele was sentenced to two concurrent sentences of life in prison. This court affirmed the convictions and sentences on direct appeal. *Voegele v. State*, 303 So. 3d 1216 (Fla. 1st DCA 2020) (unpublished table decision).

Voegele then moved for postconviction relief under Florida Rule of Criminal Procedure 3.800(a), arguing that his life sentences violated the constitutional prohibition against cruel and unusual punishment. He also argued that his sentences were illegal because he was charged by information rather than by

indictment. The postconviction court denied Voegele's motion and warned him against filing frivolous claims. Voegele now appeals this order. We affirm.

Voegele's claim that he should have been charged by indictment rather than by information is not cognizable under rule 3.800(a). *See Echeverria v. State*, 949 So. 2d 331, 335 (Fla. 1st DCA 2007) (explaining that rule 3.800 is "not the correct procedural vehicle for attacking the merits of an underlying criminal conviction"). His claim that his life sentences for sexual battery on a child violate the constitutional prohibition against cruel and unusual punishment is also not cognizable under rule 3.800(a). *See Kramer v. State*, 326 So. 3d 1202, 1203 (Fla. 1st DCA 2021) ("A rule 3.800(a) motion to correct an illegal sentence is not the proper vehicle for challenging a sentence on the basis that it violates the constitutional prohibition against cruel and unusual punishment."). But even if it were cognizable, Voegele's claim is wholly lacking in merit. The Florida Supreme Court has repeatedly rejected the argument that a life sentence for capital sexual battery of a child violates the constitutional prohibition against cruel and unusual punishment. *See, e.g.*, *Adaway v. State*, 902 So. 2d 746, 750 (Fla. 2005) (holding that life sentence was "not grossly disproportionate to [Adaway's] crime of oral union with the vagina of a girl under the age of twelve").

We find that Voegele's appeal is frivolous and refer this matter to the Department of Corrections for disciplinary procedures under section 944.279, Florida Statutes.

AFFIRMED.

WINOKUR and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

2

Dillon Mathew Voegele, pro se, Appellant.

Ashley Moody, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.